UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 CV 7148 |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| KRAFT FOODS, | ) | Magistrate Judge Denlow |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE/ADDITIONAL DEFENSES
TO PLAINTIFF'S COMPLAINT OF EMPLOYMENT DISCRIMINATION**

Defendant, Kraft Foods Global, Inc. ("Kraft"), incorrectly named as Kraft Foods, submits the following Answer and Affirmative/Additional Defenses to the *pro se* Complaint of Employment Discrimination ("Complaint") filed by Plaintiff, John Hardy.

1.      This is an action for employment discrimination.

ANSWER:      Defendant admits the allegations contained in Paragraph 1, but denies that it discriminated against Plaintiff.

2.      The plaintiff is John Hardy of the county of Cook in the state of Illinois.

ANSWER:      Defendant admits the allegations contained in Paragraph 2.

3.      The defendant is Kraft Foods, whose street address is 555 Waukegan Road, Northfield, Illinois 60093 (847) 646-7049.

ANSWER:      Defendant admits that it is the defendant in this case (incorrectly named as Kraft Foods).  Except as specifically admitted, Defendant denies the allegations contained in Paragraph 3.

4.      The plaintiff sought employment or was employed by the defendant at 1 Kraft Court, Glenview, IL 60025.

CH01DOCS68678.1

ANSWER:    Defendant admits that Plaintiff was employed by Defendant.  Except as specifically admitted, Defendant denies the allegations contained in Paragraph 4.

5.    The plaintiff was employed but is no longer employed by the defendant.

ANSWER:    Defendant admits the allegations contained in Paragraph 5.

6.    The defendant discriminated against the plaintiff on or about, or beginning on or about [illegible], 2006.

ANSWER:    Defendant denies the allegations contained in Paragraph 6.

7.1    The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission, on or about 3/26/2007, and the Illinois Department of Human Rights, on or about 3/26/2007; a copy of the charges is attached.

ANSWER:    Defendant denies the allegations contained in Paragraph 7.1 except that it admits that Defendant is not a federal governmental agency, that Plaintiff filed a charge against Defendant with the United States Equal Employment Opportunity Commission and the Illinois Department of Human Rights on or about March 27, 2007, and that a copy of said charge is attached to Plaintiff's Complaint.

8.    The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on 10/6/2007, a copy of which *Notice* is attached to this Complaint.

ANSWER:    Defendant lacks information sufficient to admit or deny the allegations made and contained in Paragraph 8, except to admit that the EEOC issued a Notice of Right to Sue to Plaintiff dated September 25, 2007, a copy of which is attached to Plaintiff's Complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

ANSWER:    Defendant denies the allegations contained in Paragraph 9.

10.    If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

ANSWER:     Not applicable.

11.     Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); and for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. § 791.

ANSWER:     Defendant denies the allegations contained in Paragraph 11, except to

admit that jurisdiction is proper in this Court.

12.     The defendant terminated the plaintiff's employment, failed to stop harassment; retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above.

ANSWER:     Defendant denies the allegations contained in Paragraph 12.

13.     The facts supporting the plaintiff's claim of discrimination are as follows: Complaint about sexual harassment to my manager, Diane DeSantis.  Ms. DeSantis began retaliating against me with write ups, verbal abuse.  The retaliation continue with Diane's manager Kim Laramore with verbal abuse and discrimination – I was force to trained a white employee then I was fired.

ANSWER:     Defendant denies the allegations contained in Paragraph 13.

14.     [AGE DISCRIMINATION ONLY]  Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

ANSWER:     Not applicable.

15.     The plaintiff demands that the case be tried by a jury:  Yes.

ANSWER:     Defendant admits that Plaintiff has demanded a jury trial.

16.     Therefore, the plaintiff asks that the court grant the following relief to the plaintiff: If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorneys fees and expert witness fees; Grant such other relief as the Court may find appropriate.

ANSWER:     Defendant admits that Plaintiff is asking that the court grant the relief

requested in Paragraph 16.  Except as specifically admitted, Defendant denies the allegations

contained in Paragraph 16.

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

### First Defense

All actions by Defendant with regard to Plaintiff were lawful and were made in good faith compliance with applicable provisions of law, rules and regulations.

### Second Defense

Defendant undertook good faith efforts to comply with the statutes pursuant to which Plaintiff has brought his claims, including by promulgating and making good faith efforts to enforce an anti-discrimination and anti-retaliation policy.

### Third Defense

Plaintiff's claims are barred to the extent they are outside the scope of his administrative charge.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with the administrative and/or procedural prerequisites for filing suit.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by other time limitations imposed by law.

### Sixth Defense

Defendant exercised reasonable care to prevent and correct promptly any alleged harassment in the workplace and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to avoid the alleged harm otherwise.

### Seventh Defense

There is no basis in law or in fact on which Plaintiff is entitled to recover damages.

<u>Eighth Defense</u>

To the extent that Plaintiff is awarded damages, such damages should be reduced by any of the following types of payments:  short-term disability, long-term disability, workers compensation and unemployment compensation.

<u>Ninth Defense</u>

To the extent that Plaintiff has failed to mitigate his damages, his claim for damages is barred or subject to reduction.

WHEREFORE, Defendant Kraft Foods Global, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint of Employment Discrimination in its entirety with prejudice, awarding Defendant its reasonable attorneys fees, costs and disbursements, and granting such other and further relief as the Court may deem just and proper.

Dated: January 22, 2008                    Respectfully submitted,


By:   /s/ Christy E. Phanthavong
        One of the Attorneys for Defendant,
        Kraft Foods Global, Inc.

Mary Margaret Moore
Christy E. Phanthavong
BRYAN CAVE LLP
161 North Clark Street
Suite 4300
Chicago, Illinois 60601
(312) 602-5000 (telephone)
(312) 602-5050 (facsimile)
mimi.moore@bryancave.com
christy.phanthavong@bryancave.com

## CERTIFICATE OF SERVICE

I, Christy E. Phanthavong, an attorney, certify that I served the foregoing *Defendant's Answer and Affirmative/Additional Defenses to Plaintiff's Complaint of Employment Discrimination* by sending a copy addressed to:

> John Hardy
> 6556 S. Kenwood Ave.
> Chicago, IL 60637

by depositing a copy of the same in the United States First Class Mail, postage prepaid on this 22nd day of January, 2008.

   /s/ Christy E. Phanthavong
Christy E. Phanthavong